[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-11058
Non-Argument Calendar
_____

D.C. Docket No. 6:11-cv-00137-ACC-DAB

INDYNE, INC.,

                                                                  Plaintiff-Appellant,

versus

ABACUS TECHNOLOGY CORPORATION,
JERRY RENINGER,
MATTHEW BOYLAN,

                                                     Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 24, 2014)

Before ED CARNES, Chief Judge, TJOFLAT and ROSENBAUM, Circuit Judges.

PER CURIAM:

InDyne, Inc. appeals the district court's order awarding attorney's fees to the defendants in this copyright case.

I.

InDyne brought a claim for copyright infringement against Jerry Reninger, Matthew Boylan, and Abacus Technology (collectively Abacus). InDyne alleged that Abacus had infringed InDyne's copyright over its Program Information Management System (PIMS) software. That claim arose from the fact that Abacus, while setting up a website for NASA, had copied portions of the PIMS software. The district court granted summary judgment to Abacus on the infringement claim, concluding that InDyne had not presented evidence sufficient to allow a reasonable jury to find that the elements of InDyne's software that Abacus had copied were original and thus deserving of copyright protection. We affirmed that decision. InDyne, Inc. v. Abacus Tech. Corp., 513 F. App'x 858 (11th Cir. 2013) (unpublished).

Under 17 U.S.C. § 505, the district court then ordered InDyne to pay Abacus' reasonable attorney's fees. InDyne, Inc. v. Abacus Tech. Corp., No. 6:11-cv-137-Orl-22DAB, 2014 WL 1400658 (M.D. Fla. Feb. 25, 2014). The district court identified three factors justifying its decision to award those fees. First, it

2

ruled that InDyne's decision "to file a copyright infringement claim even though it did not have a copy of the copyrighted material" was "objectively unreasonable." Id. at *9.  Second, it found that InDyne's motivation in bringing the suit was "questionable."  Id.  Third, it reasoned that an award of attorney's fees would further the purposes of the Copyright Act because it would deter future litigants from suing for infringement of software copyrights without being able to produce the software code.  See id. at *9–10.  Taken together, these factors "weigh[ed] in favor of an imposition of fees."  Id. at *10.  InDyne now appeals that order.

## II.

A district court may award "a reasonable attorney's fee to the prevailing party" in a civil copyright-infringement action.  17 U.S.C. § 505.  The district court awards § 505 attorney's fees "as a matter of the court's discretion."  Fogerty v. Fantasy, Inc., 510 U.S. 517, 534, 114 S.Ct. 1023, 1033 (1994).  In deciding whether to make such an award, the court considers "whether imposition of attorney's fees will further the goals of the Copyright Act, i.e., by encouraging the raising of objectively reasonable claims and defenses, which may serve not only to deter infringement but also to ensure that the boundaries of copyright law are demarcated as clearly as possible."  MiTek Holdings, Inc. v. Arce Eng'g Co., Inc., 198 F.3d 840, 842–43 (11th Cir. 1999) (alteration and quotation marks omitted).  Courts consider factors such as "frivolousness, motivation, objective

3

unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence," if the application of those factors furthers the purposes of the Copyright Act.  Fogerty, 510 U.S. at 534 n.19, 114 S.Ct. at 1033 n.19 (quoting Lieb v. Topstone Indus., Inc., 788 F.2d 151, 156 (3d Cir. 1986)).  We review an award of Copyright Act attorney's fees for an abuse of discretion.  Montgomery v. Noga, 168 F.3d 1282, 1303 (11th Cir. 1999).

InDyne first contends that Abacus is a bad actor that committed "massive copyright infringement" against InDyne and "got away with it."  InDyne thus asserts that the district court abused its discretion because under those circumstances, rewarding Abacus with attorney's fees would not serve the purposes of the Copyright Act.  But that contention is contrary to the district court's finding, which we previously affirmed, that InDyne could not prove — and Abacus was therefore not liable for — copyright infringement.[1]  InDyne's bare

---

[1] The conclusion that Abacus is not liable for copyright infringement is the law of the case.  Under the law-of-the-case doctrine, an appellate court's findings of fact and conclusions of law are "generally binding in all subsequent proceedings in the same case in the trial court or on a later appeal."  This That & the Other Gift & Tobacco, Inc. v. Cobb Cnty., 439 F.3d 1275, 1284 (11th Cir. 2006) (quotation mark omitted).  The doctrine further bars relitigation of issues decided by necessary implication, even if they were not addressed explicitly.  See id.; Transamerica Leasing, Inc. v. Inst. of London Underwriters, 430 F.3d 1326, 1331 ("While the doctrine encompasses only those issues previously determined, the law is clear that it comprehends things decided by necessary implication as well as those decided explicitly") (quotation marks and alteration omitted).  Our opinion affirms "on the basis of the thorough and well-reasoned opinion of the district court," which found Abacus not liable for copyright infringement.  InDyne, 513, F. App'x at 858; see also InDyne, 876 F. Supp. 2d at 1293 (granting summary judgment to Abacus).

4

assertion that Abacus behaved badly is an invitation to relitigate the already-decided merits of this case, not a ground for reversing the award of attorney's fees.

Second, InDyne contends that the district court abused its discretion because InDyne's decision to sue despite lacking key evidence was not objectively unreasonable. To survive a motion for summary judgment, a party must produce evidence "such that a reasonable jury could return a verdict" for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 2510 (1986). But when it sued, InDyne no longer had a copy of the copyrighted version of the PIMS software or even a clear software revision history. Without the software and without a revision history, InDyne had insufficient evidence to show which parts of the copyrighted work were protectable.[2]

InDyne claims that it relied on our decision in Montgomery v. Noga, 168 F.3d 1282, 1303 (11th Cir. 1999), for the proposition that it could have proved the content of its copyrighted work using witness testimony. But Montgomery does

---

[2] As one element of its prima facie case, InDyne had to show that the parts of code Abacus copied were protectable "original works of authorship." Not all elements of every copyrighted work are protected. Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 348, 111 S.Ct. 1282, 1289 (1991) ("[T]he mere fact that a work is copyrighted does not mean that every element of the work may be protected."). Computer code, for example, often includes instructions that are unprotectable "'ideas' or are dictated by efficiency or external factors, or [are] taken from the public domain" — instructions that are, in other words, not protectable under copyright law. InDyne, 876 F. Supp. 2d at 1287; see also 17 U.S.C. § 102 ("Copyright protection subsists . . . in original works of authorship fixed in any tangible medium of expression . . . .").
.

not stand for that proposition.  There, we were able to review the software itself and a detailed revision history to assess whether the updated software exhibited sufficient originality to merit copyright protection.  See id. at 1290–91.  Here, by contrast, InDyne could not show the court the software or a revision history for its "chameleon-like," "constantly morphing" software, without which it could not prove its prima facie case.  InDyne, 876 F. Supp. 2d at 1280.  The district court therefore did not abuse its discretion when it ruled that InDyne's decision to bring this suit without proof of an element of its prima facie case was objectively unreasonable.

Finally, InDyne disputes the district court's conclusion that its motives were "questionable."  But we need not address that finding because the district court noted that even if it had found that this factor weighed in favor of InDyne, the other factors outweighed it.  InDyne, 2014 WL 1400658, at *9 n.7; cf. Fed. R. Civ. P. 61 ("At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights.").

In short, the district court did not abuse its discretion in awarding Abacus its reasonable attorney's fees.  In doing so, it appropriately weighed the objective unreasonableness of InDyne's decision to bring suit, InDyne's apparent motivation, and the need to deter future litigants who would sue for copyright infringement without producible evidence of their copyrighted work.

III.

The district court's award of attorney's fees is **AFFIRMED**. The parties' unopposed motions to file out of time are **GRANTED**. Abacus' motion for damages under Federal Rule of Appellate Procedure 38 is **DENIED**.[3]

---

[3] We conclude that InDyne's appeal is not frivolous, and we therefore deny Abacus' Rule 38 motion for damages.  See Fed. R. App. P. 38 ("If a court of appeals determines that an appeal is frivolous, it may . . . award just damages and single or double costs to the appellee.").

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

John Ley
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

September 24, 2014

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 14-11058-CC
Case Style: Indyne, Inc. v. Abacus Technology Corporation, et al
District Court Docket No: 6:11-cv-00137-ACC-DAB

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the CRIMINAL JUSTICE ACT must file a CJA voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for a writ of certiorari (whichever is later).

Pursuant to Fed.R.App.P. 39, costs taxed against the appellant.

The Bill of Costs form is available on the internet at www.ca11.uscourts.gov

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Joe Caruso, CC at (404) 335-6177.

Sincerely,

JOHN LEY, Clerk of Court

Reply to: Djuanna Clark
Phone #: 404-335-6161

OPIN-1A Issuance of Opinion With Costs